IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>v.<br><br>WILLIAM MATHIPANNHA,<br><br>        Defendant. | **MEMORANDUM DECISION AND ORDER SETTING BRIEFING SCHEDULE**<br><br>Case No. 2:06-cr-00460<br><br>Judge Tena Campbell |

Defendant William Mathipannha has filed a motion for compassionate release asking the court to reduce his sentence under 18 U.S.C. § 3582(c)(1)(A)(i).  (ECF No. 955.)  As contemplated under the court's General Order 22-022, the court has screened the motion and has determined that it appears to satisfy the requirements of 18 U.S.C. § 3582(c)(1)(A) and that it does not plainly appear that the defendant is not entitled to relief.

**I.      Exhaustion of Administrative Remedies**

According to the relevant statute, the court "may reduce the term of imprisonment … after considering the factors set forth in section 3553(a) to the extent they are applicable, if it finds that … extraordinary and compelling reasons warrant such reduction … and that such a reduction is consistent with applicable policy statements by the [United States] Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A).  The factors under 18 U.S.C. § 3553(a) include the nature of the crime, the defendant's characteristics and history, the danger to the public, and the sentencing range.

Before Congress passed the First Step Act 0f 2018, see Pub. L. No. 115-391, 132 Stat.

1

5194 (Dec. 21, 2018), only the Bureau of Prisons (BOP) could bring a compassionate release motion under § 3582(c)(1) requesting that the court reduce a prisoner's sentence. Now the court may consider the issue either upon a motion from the BOP or "upon motion of the defendant …." 18 U.S.C. § 3582(c)(1)(A). The court may only consider a defendant's motion after the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier …." Id.

According to the motion, Mr. Mathipannha made a request of the Warden of the Federal Correctional Institution at Edgefield, South Carolina, on April 15, 2026. (See ECF No. 955-1 at 3.)[1] The Warden did not respond to the request, and more than 30 days passed before Mr. Mathipannha filed his motion on May 21, 2026. The court therefore finds that Mr. Mathipannha has sufficiently alleged that he exhausted his administrative remedies.

## II.    Entitlement to Relief

Once a defendant has satisfied the exhaustion requirement, the court applies a three-step test to determine whether to reduce the sentence and release the defendant. United States v. McGee, 992 F.3d 1035, 1042–43 (10th Cir. 2021). First, the court determines "whether extraordinary and compelling reasons warrant a sentence reduction." Id. at 1042 (cleaned up). Second, the court considers "whether such reduction is consistent with applicable policy statements issued by the Sentencing Commission." Id. (cleaned up). Finally, the court "consider[s] any applicable § 3553(a) factors and determine[s] whether, in its discretion, the

---

[1] An attached exhibit states that the request was sent on April 12, 2026. (See Ex. 2 to Def.'s Mot., ECF No. 955-2.)

reduction authorized by [steps one and two] is warranted in whole or in part under the particular circumstances of the case." Id. (cleaned up).

Here, the court does not see on the face of the motion any extraordinary and compelling reasons that warrant a sentence reduction. While Mr. Mathipannha received a long sentence, his sentence was within the guideline sentencing range—a range that accounted for the extremely serious conduct involved, including the murder of a rival gang member. Nevertheless, the court notes that Mr. Mathipannha's youth at the time of the crime and his relatively clean prison record are factors that the court may consider, even if these factors do not individually rise to the level of extraordinary and compelling reasons. More importantly, the court is without sufficient information to evaluate the claims that Mr. Mathipannha has made about his medical conditions. In any event, Mr. Mathipannha has requested that the court appoint counsel, and the court finds it appropriate to allow counsel an opportunity to supplement Mr. Mathipannha's motion with additional information.

### III.    Appointment of Counsel

Generally, after the court screens a motion for compassionate release, the court's General Order 22-022 contemplates that the Federal Public Defender (FPD) will notify the court whether Criminal Justice Act (CJA) counsel is no longer practicing law or unavailable to provide representation. Here, it appears that Mr. Mathipannha's previous counsel, Elizabeth Hunt, is indeed no longer practicing. Before considering whether to appoint new CJA counsel, the court finds it appropriate to hear from the FPD whether there remain any conflicts that would prevent the FPD from reviewing Mr. Mathipannha's motion. But the court recognizes that these cases pose issues for review by the FPD, given that the FPD does not have access to some relevant sealed documents. The court will therefore direct the Clerk of Court to send the FPD certain

3

documents to aid with this review; other documents may be obtained from the U.S. Probation Office.

### IV.    Designation of Previous Sentence

The court provides notice that it recently received a letter from the BOP asking whether Mr. Mathipannha's 8-month sentence in a previous federal case, Case Number 2:04-cr-735, should run concurrently or consecutively with the terms in Mr. Mathipannha's state cases. The parties agreed that Mr. Mathipannha's 360-month sentence in this case should run concurrently with his state sentences (see Stip. Mot. Correct Judgment, ECF No. 942), and the court sees no reason why that understanding should not extend to Mr. Mathipannha's previous federal case, which resulted in a much shorter sentence. The court has therefore advised the BOP that Mr. Mathipannha's 8-month sentence in Case Number 2:04-cr-735 should run concurrently with the terms in his state cases. According to the BOP, Mr. Mathipannha's current projected release date is therefore July 14, 2034.

### ORDER

For the reasons stated above, the court ORDERS as follows:

1.    The court directs the Clerk of Court to send the following document to Robert Steele (Robert_Steele@fd.org): the Statement of Reasons (ECF No. 800). The Presentence Report (PSR) is not on the docket in this case, but the court authorizes the FPD to obtain this document from the U.S. Probation Office by contacting Glen Manross (Glen_Manross@utp.uscourts.gov) directly. If necessary, the FPD may request additional documents from the U.S. Probation Office that are related to this case. The Judgment (ECF No. 799) and Statement in Advance of Plea (ECF No. 612) are publicly available on the docket.

2.      The court orders the FPD to file any supplement to Mr. Mathipannha's motion within 30 days from the date of this order.  If any conflicts prevent the FPD from representing Mr. Mathipannha in this matter, the FPD must alert the court within 14 days from the date of this order.

3.      The United States Attorney's Office for the District of Utah must file any response to the supplement filed by the FPD (or, if no supplement is filed, to Mr. Mathipannha's motion), within 30 days after the FPD files the supplement or within 30 days after the time to file such a supplement has expired.

DATED this 2nd day of July, 2026.

BY THE COURT:

Tena Campbell
United States District Judge

5